IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL T. HINES,<br><br>      Plaintiff,<br><br>   vs.<br><br>ASHRAFE E. YOUSSEF, M.D., GODWIN C. UGUEZE, M.D., JOSHUA GARZA, RNP, LYNN CARMICHAEL, R.N., BARBARA NEWKIRK, L.V.N. and DOES 1-10, inclusive,<br><br>      Defendants. | 1:13 – CV – 0357  AWI JLT<br><br><br>MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR VIOLATION OF FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHTS |

   This is an action for damages by plaintiff Darnell T. Hines ("Plaintiff") against individual medical care personnel (collectively, "Defendants") who were employed by the California Department of Corrections and Rehabilitation ("CDCR") at the Wasco State Prison-Reception Center during the time relevant to this action.  Plaintiff's complaint alleges a single claim for relief – that Plaintiff suffered deprivation of rights "guaranteed under the [Eighth] and [Fourteenth] Amendments to the United States Constitution, to wit; protection against cruel and unusual punishment; and, deprivation of life and liberty without due process of law." Doc. # 1 at 5:23-26.  Currently before the court is Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim.  Both claims are pursuant to 42 U.S.C. § 1983.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

//

## FACTUAL BACKGROUND

The events giving rise to this action occurred during the time Plaintiff was an inmate at the CDCR Reception Center at Wasco State Prison.  Plaintiff is an African-American male who suffers from asthma since childhood.  Plaintiff's complaint alleges that as such, Plaintiff was known to be in a population of persons who are particularly susceptible to coccidiomycosis, commonly called "valley fever," a disease caused by inhalation of fungal spores that are endemic to California's Central Valley.  Defendants are medical services providers employed by CDCR at the WASCO Reception Center who evaluated Plaintiff and are alleged to have been aware of his susceptibility to Valley Fever.  Plaintiff's complaint alleges that CDCR officials were aware of the particular risk of certain ethnic groups, primarily persons of African-American descent, to contract valley fever and that CDCR put in place a policy that directs that such susceptible inmates not be housed in the areas of California where the fungus that causes valley fever is endemic.  Defendants are alleged to have authorized Plaintiff's transfer to the Substance Abuse Treatment Facility located at Corcoran State Prison, which is located in an area where the fungal spores that cause valley fever are endemic.  Plaintiff ultimately contracted valley fever while housed at the Corcoran facility.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Defendants' motion to dismiss presents a single issue: may an inmate bring an action for violation of rights guaranteed by the Substantive Due Process Clause of the Fourteenth Amendment where the same conduct is alleged to violate rights guaranteed by the Eighth Amendment? For the following reasons, the answer in the context of this action is "no."

The protections of the Eighth Amendment attach once an individual has been subject to criminal prosecution that conforms to the rights associated therewith; that is, an individual who has suffered a conviction following a lawful criminal proceeding and is incarcerated for that reason comes under the protections of the Eighth Amendment. Ingraham v. Wright, 430 U.S. 651, 671, n.40 (1977). Generally, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for

analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989).

"Deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment" which places Plaintiff's claim of deliberate indifference to his elevated medical susceptibility within the ambit of eighth amendment claims. Whitley v. Albers, 475 U.S. 312, 319 (1986); see also, Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) (deliberate indifference to serious medical needs or the deliberate denial of care are sufficient to state a claim for violation of constitutional protections). The Whitley Court recognized that, in the context of prison security and claims arising out of the application of force on inmates for security purposes, the elements of claims under the Fourteenth and Eighth Amendments have no practical differences and that such claims are to be decided using traditional Eighth Amendment analyses. A similar approach has been used by district courts in this circuit where the same facts are alleged to support claims for denial of medical care under both Eighth and Fourteenth Amendments. In Scofield v. Ball, 2012 WL 667112 (S.D. Cal. 2012), the District Court relied on the analysis in Albright to conclude that where the factual bases for the Eighth and Fourteenth Amendment claims were the same, the analysis of constitutional violation was to proceed under the more specific protections of the Eighth Amendment. Id. at *6. The Scofield court concluded that the plaintiff's Fourteenth Amendment claim in that action was duplicative of the Eighth Amendment claim. This court concludes the same.

Plaintiff's opposition seeks to differentiate Albright and Connor on factual grounds but this misses the point. Albright and Connor set forth a rule of general applicability; where the same facts are used to assert claims under Substantive Due Process Clause of the Fourteenth Amendment and under a more specific constitutional source of protection such and the Fourth, Fifth or Eighth Amendments, the analysis under the more specific amendment is controlling. As illustrated in Scofield, the court faced with claims under both the Fourteenth and Eighth Amendments looks to the facts alleged to determine if there is anything in those facts that takes the claim out of the protections of the more specific Eighth Amendments. Where, as in this case

and in <u>Scofield</u>, no such differentiating facts are apparent, the Fourteenth Amendment claim is considered duplicative of the Eighth Amendment claim and is subject to dismissal on that ground.

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that Defendant's motion to dismiss is hereby GRANTED.  Any claim in Plaintiff's FAC that alleges violation of rights under the Substantive Due Process Clause of the Fourteenth Amendment is hereby DISMISSED as duplicative of Plaintiff's Eighth Amendment claim,.

IT IS SO ORDERED.

Dated:   October 30, 2013                                              _____
                                                                                          SENIOR  DISTRICT  JUDGE