1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA**

10

11  DARNELL T. HINES,                     ) Case No.: 1:13-cv-00357 - AWI - JLT
                                          )
12            Plaintiff,                  ) ORDER VACATING THE HEARING DATE OF
                                          ) JANUARY 21, 2014 AND TAKING THE MATTER
13        v.                              ) UNDER SUBMISSION
                                          )
14  ASHRAFE E. YOUSEFF, et al.,           )
                                          ) ORDER GRANTING PLAINTIFF'S MOTION TO
15            Defendants.                 ) AMEND THE COMPLAINT
                                          )
16                                        ) (Doc. 21)
                                          )
17  _____)

18        Plaintiff Darnell Hines seeks leave to file a First Amended Complaint to identify "Doe 1" as

19  "M. Aguire."  (Doc. 21.)  Defendants Joshua Garza, Godwin Ugueze, and Ashrafe Youseff filed a

20  statement of non-opposition to the motion on January 9, 2014.  (Doc. 24.)  Because the matter is

21  suitable for decision without oral argument, the motion is taken under submission pursuant to Local

22  Rule 230(g).  For the reasons set forth below, Plaintiff's motion for leave to amend is **GRANTED**.

23  **I.     Relevant Procedural History**

24        Plaintiff initiated this action by filing a complaint for a violation of his civil rights pursuant to

25  42 U.S.C. § 1983 on March 12, 2013.  (Doc. 1.)  Plaintiff alleges the named and unnamed defendants

26  "are employees and or agents of the California Department of Corrections and Rehabilitation working

27  at and providing medical and other healthcare related care and treatment; or had the responsibility for

28  administering the systems of providing medical care at Wasco State Prison-Reception Center."  (*Id.* at

1

1   2-3.)  In addition, Plaintiff alleges the defendants were "engaged in the medical classification of

2   inmates who newly entered the state prison system." (*Id.* at 3.)  According to Plaintiff, each of the

3   defendants "knew that a disease malady 'coccidiomyocosis' or commonly known as 'Valley Fever'

4   was a fungal disease that was contained in fungal spores of the soil of the Central Valley including but

5   not limited to Kern County," and were "aware that Valley Fever was at epidemic proportions amongst

6   the inmate population of the Central Valley." (*Id.*)

7       Plaintiff alleges he is of African American background and "had a medical history of acute

8   asthma from childhood," and the defendants knew these factors made him "particularly susceptible to

9   contracting Valley Fever." (Doc. 1 at 4.)  In spite of this knowledge, the defendants "made the decision

10  and recommended that Plaintiff be transferred and housed at the Substance Abuse Treatment Facility II

11  ("SATF II") located at Corcoran State Prison in Hanford, Kings County, California, an area well known

12  to be an area where Valley Fever was at epidemic proportions." (*Id.* at 5.)  Once at SATF II, Plaintiff

13  contracted Valley Fever. (*Id.*) Therefore, Plaintiff asserts the defendants acted negligently, carelessly,

14  recklessly, and with deliberate indifference. (*Id.*)

15      On November 22, 2013, Plaintiff filed the motion now pending before the Court, seeking to file

16  a First Amended Complaint. (Doc. 21.)  He reports that during the course of discovery, "Defendants

17  identified 'M. Aguire' as a person 'involved in the decision to transfer Plaintiff to Corcoran SATF State

18  prison.'" (*Id.* at 3.)  Plaintiff asserts the amendment "will not prejudice any party to this litigation"

19  because the case has not been scheduled and "discovery is in its early stages." (*Id.*)

20  **II.      Legal Standards for Leave to Amend**

21      Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21

22  days of service, or if the pleading is one to which a response is required, 21 days after service of a

23  motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the

24  opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Here, defendants

25  Garza, Ugueze, and Youseff filed an answer on September 20, 2013.  (Doc. 23.)  Therefore, Plaintiff

26  requires either consent of the defendants or leave of the Court to file an amended complaint.[1]

27

28      [1] Although the defendants filed a notice of non-opposition to the motion, the parties did not file a stipulation for
    Plaintiff to file a First Amended Complaint.

1    Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v.*

2  *United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n]

3  when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be

4  guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

5  pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently,

6  the policy to grant leave to amend is applied with extreme liberality. *Id.*

7    There is no abuse of discretion "in denying a motion to amend where the movant presents no

8  new facts but only new theories and provides no satisfactory explanation for his failure to fully develop

9  his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City

10  of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend

11  should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad

12  faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002)

13  (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

14  **III.    Discussion and Analysis**

15    In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff

16  has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5)

17  prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County

18  Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight

19  as prejudice to the opposing party has long been held to be the most critical factor to determine whether

20  to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003);

21  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

22    **A.    Prior amendments**

23    The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has

24  previously amended his complaint previously. *Allen*, 911 F.2d at 373. Here, the amendment sought is

25  the first requested by Plaintiff. Therefore, this factor does not weigh against amendment.

26    **B.    Undue delay**

27    By itself, undue delay is insufficient to prevent the Court from granting leave to amend

28  pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*,

3

1   833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient

2   to deny amendment.  *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981).

3   Evaluating undue delay, the Court considers "whether the moving party knew or should have known

4   the facts and theories raised by the amendment in the original pleading."  *Jackson*, 902 F.2d at 1387;

5   *see also Eminence Capital*, 316 F.3d at 1052.  Also, the Court should examine whether "permitting an

6   amendment would . . . produce an undue delay in the litigation."  *Id.* at 1387.

7           Here, Plaintiff has not acted with undue delay, because he learned on November 4, 2013 that

8   "M. Aguire" was involved with the decision to transfer him to Corcoran SATF State Prison.  (Doc. 21

9   at 3.)  He filed the motion pending before the Court within the same month.  (*Id.*)  Moreover, the

10  amendment would not cause any delay in the litigation because the action has not been scheduled.

11  Consequently, this factor does not weigh against amendment.

12          **C.      Bad faith**

13          Plaintiff asserts he requested the defendants stipulate to the filing of an amended complaint,

14  but did not receive a response.  (Doc. 21 at 3.)  Because Plaintiff notified the defendants that he

15  wished to amend the complaint to identify "Doe 1" as "M. Aguire," Plaintiff did not act with bad faith

16  and this factor does not weigh against amendment.

17          **D.      Futility of Amendment**

18          "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."

19  *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion

20  for leave to amend may be denied if it appears to be futile or legally insufficient").  Futility may be

21  found where added claims are duplicative of existing claims or patently frivolous, or both.  *See Bonin*,

22  59 F.3d at 846.  Here, it does not appear that amendment would be futile, and this factor does not

23  weigh against granting leave to amend.

24          **E.      Prejudice to the opposing party**

25          The most critical factor in determining whether to grant leave to amend is prejudice to the

26  opposing party.  *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party

27  opposing an amendment to the complaint.  *DCD Programs*, 833 F.2d at 187.  There is a presumption

28  under Rule 15(a) in favor of granting leave to amend where prejudice is not shown.  *Eminence Capital*,

316 F.3d at 1052.  As noted above, the defendants do not oppose motion to amend.  Therefore, this factor does not weigh against amendment.

**IV.      Conclusion and Order**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file a First Amended Complaint.  *See Madeja*, 310 F.3d at 636.  Therefore, the Court is acting within its discretion in granting the motion to amend.  *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1.      Plaintiff's motion to amend (Doc. 21) is **GRANTED**; and

2.      Plaintiff **SHALL** file his First Amended Complaint within seven days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   __**January 14, 2014**__                    ____/s/ Jennifer L. Thurston____
                                                        UNITED STATES MAGISTRATE JUDGE