UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL T. HINES,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHRAFE E. YOUSEFF, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00357 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING DEFENDANTS LYNN CARMICHAEL AND BARBARA NEWKIRK |

Darnell Hines ("Plaintiff") initiated this action against Defendants Ashrafe Youseff, Joshua Garza, Godwin Ugueze, Lynn Carmichael, and Barbara Newkirk on March 12, 2013. (Doc.1.) Because Plaintiff has failed to prosecute his claims against Lynn Carmichael and Barbara Newkirk, the Court recommends these defendants be **DISMISSED**.

**I.     Relevant Procedural History**

The Court issued summons for the defendants on March 13, 2013. (Doc. 5.) Plaintiff filed proofs of service as to Ashrafe Youseff, Joshua Garza, and Godwin Ugueze (Docs. 6-8), but failed to file proof of service for defendants Lynn Carmichael and Barbara Newkirk. On March 13, 2013, the Court issued its "Order Setting Mandatory Scheduling Conference," which set forth obligations for the parties. (Doc. 4.) The Order informed Plaintiff that he was to "diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims." (*Id.* at 1.) Also, Plaintiff was informed that he must "promptly file proofs of service of the summons and complaint so the Court has a record of service." (*Id.* at 1-2.) The Court cautioned that if Plaintiff failed

to comply with the Court's order and Rule 4 of the Federal Rules of Civil Procedure, the Court may impose sanctions "including the dismissal of unserved defendants." (*Id.* at 2.)

On January 14, 2014, the Court issued an order for Plaintiff to show cause why defendants Lynn Carmichael and Barbara Newkirk should not be dismissed for his failure to prosecute his claims and his failure to obey the Court's Order. (Doc. 26.) Plaintiff failed to respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss claims with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.     Discussion and Analysis

In determining whether issue terminating sanctions for a plaintiff's failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1424; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation weighs in favor of dismissal of the defendants. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Similarly, the Court's interest in managing its docket weigh in favor of dismissal. *Gonzales v. Mills*, 2011 U.S. Dist. LEXIS 31941, at * 14 (E.D. Cal. Mar. 16, 2011) (finding the Court's need to manage its docket favored dismissal

because "[t]he Eastern District of California – Fresno Division has a significantly impacted docket [that] is overly congested, and stalled cases due to a lack of prosecution aggravate the situation"). The risk of prejudice also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Significantly, the Court cautioned that if Plaintiff failed to comply with the Court's order and Rule 4 of the Federal Rules of Civil Procedure, the Court may impose sanctions "including the dismissal of unserved defendants." (Doc. 4 at 2.) Further, Plaintiff was warned defendants may be dismissed from this action for his "failure to obey a court order [and] failure to prosecute an action." (Doc. 26 at 2). These warnings satisfy the requirement that the Court consider less drastic measures. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Therefore, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV.    Findings and Recommendations

Since initiating this action by filing a complaint on March 12, 2013, Plaintiff has failed to prosecute his claims against Lynn Carmichael and Barbara Newkirk. The defendants have not been served with the summons and complaint, and Plaintiff failed to comply with orders of the Court to provide proof of service. Consequently, dismissal of these defendants appropriate. *See, e.g. Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1424.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Lynn Carmichael and Barbara Newkirk be **DISMISSED** as defendants; and
2. Plaintiff's claims against Lynn Carmichael and Barbara Newkirk be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 31, 2014**         /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE