UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL HINES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASHRAFE YOUSEFF, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00357 - AWI - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. 41) |

Plaintiff Darnell Hines seeks leave to file a second amended complaint in this action for a violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. 41.) Defendants Joshua Garza, M. Aguirre, Godwin Ugueze, and Ashrafe Youseff oppose the motion. (Doc. 43.) Because Plaintiff fails to demonstrate good cause for the amendment under Rule 16 of the Federal Rules of Civil Procedure, his motion for leave to amend is **DENIED**.

I.     **Relevant Background**

Plaintiff initiated this action by filing his complaint on March 12, 2013. (Doc. 1.) Plaintiff alleges the named and unnamed defendants "are employees and or agents of the California Department of Corrections and Rehabilitation working at and providing medical and other healthcare related care and treatment; or had the responsibility for administering the systems of providing medical care at Wasco State Prison-Reception Center." (*Id.* at 2-3; Doc. 27 at 2-3.) In addition, Plaintiff alleges the defendants were "engaged in the medical classification of inmates who newly entered the state prison

system." (*Id.* at 3.) According to Plaintiff, each of the defendants "knew that a disease malady 'coccidiomyocosis' or commonly known as 'Valley Fever' was a fungal disease that was contained in fungal spores of the soil of the Central Valley including but not limited to Kern County," and were "aware that Valley Fever was at epidemic proportions amongst the inmate population of the Central Valley." (*Id.*)

Plaintiff alleges he is of African American background and "had a medical history of acute asthma from childhood," and the defendants knew these factors made him "particularly susceptible to contracting Valley Fever." (Doc. 1 at 4; Doc. 27 at 4.) Despite this knowledge, the defendants "made the decision and recommended that Plaintiff be transferred and housed at the Substance Abuse Treatment Facility II ("SATF II") located at Corcoran State Prison in Hanford, Kings County, California, an area well known to be an area where Valley Fever was at epidemic proportions." (*Id.* at 5.) Once at SATF II, Plaintiff contracted Valley Fever. (*Id.*) Therefore, Plaintiff asserts the defendants acted negligently, carelessly, recklessly, and with deliberate indifference. (*Id.*) After receiving leave of the Court, Plaintiff filed a First Amended Complaint on January 20, 2014, identifying "M. Aguire" as an additional defendant. (Doc. 27.)

On February 20, 2014, the Court entered its Scheduling Order, setting forth the deadlines governing this action. (Doc. 20.) Pursuant to the terms of the Court's Schedule, "[a]ny requested pleadings [were] ordered to be filed, either through a stipulation or motion to amend, no later than April 14, 2014. (*Id.* at 2., emphasis omitted.)

On October 9, 2014, Plaintiff filed the motion now pending before the Court, seeking to file a Second Amended Complaint. (Doc. 41.) Plaintiff explains, "The original complaint was directed to personnel at Wasco State Prison Reception Center, who were involved in the classification and assignment of Plaintiff to Corcoran SATF." (*Id.* at 2.) Plaintiff seeks to file a Second Amended Complaint "to augment the allegations of the Complaint and identify as Defendants those persons who were involved in [the] promulgation and implementation of policies and procedures in effect in 2009 with regard to the identification, classification and assignment of inmates who had a higher susceptibility to contracting a more virulent form of … Valley Fever." (*Id.*)

///

## II. Scheduling Orders

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986). Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).

## III. Discussion and Analysis

### A. Good cause under Rule 16

Plaintiff seeks leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 41 at 3.) However, the Scheduling Order set forth a pleading amendment deadline of April 14, 2014. (Doc. 20 at 2.) The current motion was not filed until October 9, 2014. (Doc. 29.) Thus, Plaintiff is required to demonstrate good cause under Rule 16 for filing an amended pleading out-of-time. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause be established for modification of the scheduling order); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.'

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v.*

3

*Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

Here, Plaintiff fails to carry his burden to demonstrate good cause under Rule 16. Plaintiff does not assert when he learned "that prison personnel at Waco State Prison, were bound, without exception by California Department of Corrections and Rehabilitation policies and procedures in 2009." (Doc. 41 at 4.) Notably, Defendants notified Plaintiff at least as early as March 12, 2014 that they were not the persons involved in making the decision to transfer Plaintiff to the California Substance Abuse Treatment Facility. (*See* Doc. 43 at 7.) Because Plaintiff fails to provide any information regarding when the additional facts were learned other than "through discovery," the Court is unable to find he was diligent in seeking leave to amend the complaint to assert a new theory of liability.

### B.    Leave to Amend under Rule 15

Even assuming Plaintiff demonstrated diligence and satisfied the requirements of Rule 16, Plaintiff fails to demonstrate amendment of the complaint is proper under Rule 15. Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

Leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176

4

F.3d 1241, 1246 (9th Cir. 1999)). Consequently, under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

### 1. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, Plaintiff previously sought leave of the Court to file an amended complaint. Therefore, this factor weighs against amendment.

### 2. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey,* 481 F.2d at 1191; *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers whether "permitting an amendment would . . . produce an undue delay in the litigation." *Jackson*, 902 F.2d at 1387. Here, Plaintiff seeks, in essence, to chance his theory of theory of the case from holding only personnel at Wasco State Prison Reception Center liable, to including individuals "who were involved in promulgation and implementation of policies and procedures in effect in 2009." Given that discovery has nearly concluded, the pleading amendment would cause a delay in the action. Additional defendants would need an opportunity to conduct their own discovery. As a result, this factor weighs against granting Plaintiff leave to amend.

### 3. Bad faith

There is no evidence before the Court suggesting Plaintiff acted in bad faith in seeking

amendment. Therefore, this factor does not weigh against amendment.

### 4. Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846. In this case, it does not appear that amendment would be futile, and this does not weigh against amendment.

### 5. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Importantly, continuation of discovery of related would prejudice the existing Defendants. *See, e.g., Zivkovic,* 302 F.3d at 1087 (observing "[t]he requirement of additional discovery would have prejudiced [the defendant]" if leave to amend a complaint was granted); *Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice"). In addition, Defendants would be prejudiced if the Court were to allow Plaintiff to add new parties more than 18 months after initiation of the lawsuit and only two weeks before the non-expert discovery deadline of November 17, 2014. *See DCD Programs*, 833 F.2d at 187; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 43 F.3d 1054, 1069 (6th Cir. 1995)). Given the prejudice to Defendants, this factor weighs against granting Plaintiff leave to file a second amended complaint.

///

///

### IV.     Conclusion and Order

The finding that Plaintiff fails to demonstrate good cause ends the Court's inquiry of whether to grant leave to amend the scheduling order, either to re-open discovery or file an amended complaint. *See Johnson*, 975 F.2d at 609 (explaining "the inquiry should end" for a lack of diligence); *see also* Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to modify schedule where the plaintiff failed to "demonstrate diligence in complying with the dates set by the district court").  Nevertheless, even assuming Plaintiff demonstrated good cause, he fails to show leave to amend should be granted under Rule 15.

Based upon the foregoing, **IT IS HEREBY ORDERED**:  Plaintiff's motion to amend the complaint (Doc. 41) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 5, 2014**              /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE