**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DARNELL T. HINES,** | 1:13-cv–00357-AWI-JLT |
| **Plaintiff,** | |
| vs. | **ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| **ASHRAFE E. YOUSSEF, M.D., GODWIN C. JOSHUA GARZA, RNP, LYNN CARMICHAEL, R.N., BARBARA NEWKIRK, L.V.N. and DOES 1-10, inclusive,** | |
| | Doc. # 47 |
| **Defendants.** | |

   This is an action for damages for violation of rights under the Eighth Amendment in violation of 43 U.S.C. § 1983. by plaintiff Darnell T. Hines ("Plaintiff") against defendants Ashrafe E. Youssef, M.D., et al. ("Defendants").  The actions arises as a consequence of the transfer of Plaintiff, an African-American male with a life-long history of Asthma from the Wasco State Prison Reception Center in Kern County to the Substance Abuse Treatment Facility at Corcoran  State Prison in Kings County, California ("SATFII").  Kings County is part of the Southern San Joaquin Valley where the fungus Coccidioidies immitis, is endemic.  The airborne spores of coccidioides immitis are the causative agent of coccidiomycosis, a multi-focal disease more commonly referred to as "valley fever."  While housed at the SATF facility, Plaintiff contracted valley fever.

Plaintiff's original complaint was filed on March 12, 2013, and alleged claims for relief under the Eighth and Fourteenth Amendments. On October 13, 2014, the court dismissed Plaintiff's Fourteenth Amendment claim and Plaintiff filed the currently-operative First Amended Complaint ("FAC") on January 20, 2014. On October 9, 2014, Plaintiff filed a motion for leave to file a second amended complaint and filed the proposed amended complaint therewith (the "proposed SAC"). The magistrate judge denied Plaintiff's motion for leave to file an amended complaint on November 5, 2014, (hereinafter, the "Order") and Plaintiff filed the instant motion for reconsideration on November 18, 2014. Defendants filed an amended opposition to the motion for reconsideration on December 8, 2014, and Plaintiff filed his reply on December 14, 2014. The matter was taken under submission as of December 14, 2014.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non- dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

//

**DISCUSSION**

Plaintiff's FAC alleges a single claim for relief under the Eighth Amendment against medical personnel employed by California Department of Corrections and Rehabilitation ("CDCR"). The named and unnamed Defendants in Plaintiff's FAC were responsible for the classification of Plaintiff according to established policies and procedures. The central allegation of Plaintiff's FAC is that the named defendants applied classification criteria without considering factors, namely Plaintiff's race and medical history of asthma, that would have indicated a higher than average susceptibility to valley fever. Plaintiff's FAC contends that Defendant's determination that Plaintiff should be placed in a facility located in an area known to present a high risk of exposure to the fungal spores causing coccidiomycosis constitutes a violation of Plaintiff's rights under the Eighth Amendment. Plaintiff's proposed SAC differs from the FAC most significantly by expanding the number of named Defendants to include persons alleged to be responsible for promulgation of the policies and criteria that were applied in Plaintiff's case and resulted in his placement in the STAFII facility. Plaintiff's primary contention in seeking to extend liability to persons responsible for policy formulation and promulgation is that the policy that was promulgated prevents consideration of race as a factor leading to increased susceptibility to valley fever.

The court has examined the Magistrate Judge's Order. Doc. # 46. The Order addresses two concerns; whether the motion for reconsideration Ithe "Motion") was timely under Rule 16 of the Federal Rules of Civil Procedure, and whether leave to amend was warranted under the standards relevant to Rule 15. The Order found that Plaintiff's Motion was filed out of time under Rule 16, and that Plaintiff had failed to show good cause to excuse the out of time filing. With regard to Leave to amend under Rule 15, the Order determined that consideration of relevant factors, including prior amendment, timeliness and prejudice to the opposing party weighed against the granting of leave to amend. Plaintiffs Motion was accordingly denied.

Plaintiff's motion for reconsideration focuses considerable attention on the Magistrate Judge's analysis of whether Plaintiff had shown good cause for amendment of the Scheduling

Order under Rule 16. In particular, Plaintiff carefully distinguished the holding in <u>Johnson v. Mammoth Recreations , Inc</u>,, 97 F.2d 604 (9th Cir. 1992), a case relied upon by the Magistrate Judge, and distinguished other cases following <u>Johnson</u> on their facts. With regard to Rule 15, Plaintiff argued that his Motion should not be held untimely for the reasons argued with regard to <u>Johnson</u>, and that there would be little prejudice to the opposing parties from allowing further amendment of the complaint. For the reasons that follow, the court will conclude that the Magistrate Judge's Order was not erroneous with regard to its determination under Rule 15 and that  the court  need not address Plaintiff's contentions with regard to Rule 16.

There is no dispute that the Order properly notes that, in deciding a motion for leave to amend, a court examines "(1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5)prejudice to the opposing party." Doc 46 at 5:2-4 (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) and <u>Loehr v. Ventura County Community College Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984)).   After examination of the Magistrate Judge's Order, the court finds it disagrees with the Order in only one particular; where the Magistrate Judge found that consideration of futility of amendment does not weigh against further amendment of the complaint, the court finds that further amendment as proposed in Plaintiff's SAC is futile and that, in this case, consideration of futility of amendment is sufficient in this case to show that the Magistrate' Judge's Order was otherwise not erroneous or an abuse of the court's discretion.

As previously noted, the significant feature of Plaintiff's proposed SAC is the attempt to extend liability to persons responsible for the formation and promulgation of CDCR policies. In this regard Plaintiff's proposed SAC alleges:

> 15. Defendants Schwarznegger, Cate, Hayehoe, Songer and Does 6-10 knew [that susceptibility to illness cause by Coccidioidies immitis was higher in some racial or ethnic classes] and promulgated procedures and protocols prior to 2009 wherein certain categories of prisoners with medical conditions that were known to make them particularly susceptible would not be housed in prisons in the Central Valley and or in areas where the fungus causing Valley Fever was in the soil. Said protocols and procedures required that persons with special susceptibilities be transferred to a prison facility outside the area affected by said disease.

> 16. Said policies and procedures prior to and in effect in 2009 did not provide for the exclusion of persons with certain ethnic backgrounds from those prison in the "hyperendemic" zone even though it was known that there was a substantial risk of those prisoners contracting sad disease and contracting it in a more virulent, disseminated form. Said policies and procedures were purposefully promulgated with deliberate indifference and put into effect so that there could be no deviation therefrom, purposefully resulted in prisoners such as Plaintiff being classified and placed in a prison wherein the possibility that he would contract Valley Fever would be greater.

Doc. # 41-1 at 5:24-6:14. Put more succinctly, Plaintiff's SAC attempts to extend liability to state officials for formulating and promulgating policies and procedures that fail to include race as a criterion that that will result in the placement of more susceptible racial or ethnic groups housed the South San Joaquin Valley. For the reasons that follow, the court will determine that Plaintiff's allegations with regard to the proposed new Defendants fail to state a claim upon which relief can be granted and that further amendment of the complaint would be futile.

In the context of conditions of confinement, "Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.' Estelle v. Gamble, 429 U.S. 97, 104 (1976)." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014). This standard contains both an objective and subjective element. See Helling v. McKinney, 509 U.S. 25,35-36 (1993) (discussing objective and subjective elements of Eighth Amendment Claim). In the context of exposure to disease, the objective element asks whether prison officials have exposed the prisoner to a serious medical risk of disease. To determine whether the medical risk to which the plaintiff is exposed is *serious*, the court considers whether the "risk the prisoner complains of [is] so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complaints is not one that today's society chooses to tolerate." Id. at 36 (italics in original).

The subjective element of an Eighth Amendment Violation asks whether the prison official acted with "deliberate indifference" in denying the medical care or exposing the prisoner to the risk of disease. For conduct to qualify as "deliberately indifferent" in the context of conditions of confinement, the conduct must be shown to be "wanton." To determine if conduct

is wanton, the court inquires into the "the constraints facing the *official*." Wilson v. Seiter, 501 U.S. 294, 303 (1991). A depravation of a treatment or the exposure to a hazard may be *wanton* only if it was within the official's ability at the time to avoid the exposure to risk or deprivation of care. "Wantonness consist[s] of 'acting sadistically and maliciously for the purpose of causing harm.' [Citation.]" Id. (quoting Whitley v. Albers, 475 U.S. 312, 321-322 (1986).

Plaintiff's proposed SAC fails to state a claim for which relief may be may be granted because it fails to allege facts that, if proved, would establish neither the objective nor subjective elements of an Eighth Amendment claim against the proposed additional Defendants. As to the objective component, Plaintiff alleges no facts to indicate that the risk of exposure to the spores of Coccidioidies immitis spores at the SATFII facility is any higher than in the surrounding community. It should be noted in this regard that the attention of courts and official policy-makers with regard to risk of valley fever have been focused on two facilities in Kern County; Pleasant Valley State Prison and Avenal State Prison. These facilities have drawn particular state and district court attention because, although eight California correctional facilities are located in the endemic area, these two facilities account for 85% of the occurrence of reported cases of valley fever in California. See Plata v. Brown, 2013 WL 3200587 (N.D. Cal. 2013) at *2. An individual who lives out of custody in the anywhere in the Southern San Joaquin Valley is at relatively high risk for exposure to Coccidioides immitis spores. Unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk the society would not tolerate.

Plaintiff's proposed SAC fails to state a claim with regard to the subjective component of an Eighth Amendment claim as well. First, Plaintiff has not, and in all likelihood cannot, show that the proposed new Defendants acted *wantonly* in formulating the policies and procedures Plaintiff complains of. As noted above the state of California has located eight of its correctional facilities -- and therefore a substantial proportion of its inmate capacity -- in the Southern San Joaquin Valley. The policy Plaintiff seeks to invoke through this action would require the racial

segregation of a substantial portion of California inmate capacity and would, foreseeably create social and constitutional problems of its own.  Plaintiff has failed to show that the proposed Defendants were wonton in their conduct because Plaintiff has failed to show that the policy Plaintiff contends should have been adopted was within the range of policies that the proposed Defendants could reasonably have promulgated.

In addition, Plaintiff has failed to allege any facts from which it could be inferred that the actions of the proposed Defendants were taken in deliberate indifference of the risk of exposure to Valley Fever.  It goes without saying that it is not sufficient that a complaint merely intones the words "intentionally indifferent" in alleging an Eighth Amendment violation.  Not only has Plaintiff not alleged any facts from which a finding of intentional indifference could be inferred, the factual background presented in Plata and other cases since 2005 that have followed the placement of the CDCR's medical care facilities in receivership demonstrate that California policy makers have been struggling for years to accommodate constitutional requirements within State means.  Whether the California has been successful or not in achieving a level of medical care in its prison system that will pass constitutional muster in federal courts, it certainly cannot be said that the conduct of California officials has been deliberately indifferent to Plaintiff's serious medical needs.

The court finds that the Magistrate Judge's Order was erroneous only to the extent it found that consideration of futility of amendment did not weigh against granting leave to amend. With that correction, the court finds the Magistrate Judge's Order denying leave to amend was neither erroneous nor contrary to law or an abuse of discretion.

THEREFORE, for the reasons discussed above, Plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated:   January 13, 2015                                 _____
                                                          SENIOR DISTRICT JUDGE